UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NYESHA JONES,<br><br>    Plaintiff,<br><br>  v.<br><br>WAYPOINT RESOURCE GROUP LLC,<br><br>    Defendants. | Case No. 3:23-cv-06088-TMC<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

Plaintiff Nyesha Jones, who is proceeding *pro se*, filed a motion to proceed *in forma pauperis* (IFP). Dkt. 1. According to 28 U.S.C. §1915(a)(1):

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The purpose of Title 28 U.S.C. § 1915(a)(1) is to ensure that indigent persons have access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). To be eligible for IFP status, the party does not need to establish that he or she

---

[1] 28 U.S.C. § 1915(a)(1) applies to both prisoners and to non-prisoners who make a motion to proceed IFP. A prisoner would be required to comply with 28 U.S.C. § 1915(b)(2); they are required to provide trust account information and make regular payments. Unsuccessful non-prisoner litigants would not be required to pre-pay the filing fee, but would be liable for fees and costs when they are financially able. *Brown v. Eppler,* 725 F.3d 1221, 1230-31 (10th Cir. 2013). The use of the term "prisoner possesses" has been interpreted as a typographical error. *Floyd v. U.S. Postal Service, Service,* 105 F.3d 274, 275-77 (6th Cir. 1997), *modified on other grounds* in *Callihan v. Schneider,* 178 F.3d 800, 801 (6th Cir. 1999).

ORDER GRANTING APPLICATION TO PROCEED IN
FORMA PAUPERIS - 1

is destitute. *Id*. at 339. It is important to implement the statute in a practical manner so that a party is not faced with the choice of either abandoning a potentially meritorious claim or going without the necessities of life. *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (court grants IFP motion concerning $120.00 for filing fees where plaintiff's monthly government benefits provided an income significantly below poverty level, he had little money in the bank, and significant debt); *Cf. Simelton v. Xerox Corp.*, 172 F.3d 876 (9th Cir. 1999) (Court of Appeals upheld the trial court's discretion to deny IFP status where the party's annual income was above the poverty threshold, and his debts were modest); *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir.1988) (stating that the plaintiff had an income of $20,000 per year and therefore would not qualify as indigent under this IFP statute). If a litigant has the wherewithal to pay court fees and costs without thereby being deprived of the necessities of life, then the court may justifiably require that she "put [her] money where [her] mouth is." *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989); *Himebauch v. Kaweah Delta Medical Center*, No. 12-cv-0587 LJO BAM, 2012 WL 1969057 at *1 (E.D. Cal. 2012, May 31, 2012) report and recommendation adopted, No. 12-cv-0587 LJO BAM, 2012 WL 2339340 (E.D. Cal. June 19, 2012) (citations omitted).

Based on the information supplied to the Court, it appears plaintiff cannot afford the $405.00 filing fee. Therefore, plaintiff's application to proceed in forma pauperis (Dkt. 1) is GRANTED.

Dated this 3rd day of January, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING APPLICATION TO PROCEED IN
FORMA PAUPERIS - 3